Goldberg Weprin Finkel Goldstein LLP v Wertzberger (2024 NY Slip Op 00865)

Goldberg Weprin Finkel Goldstein LLP v Wertzberger

2024 NY Slip Op 00865

Decided on February 20, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 20, 2024

Before: Webber, J.P., Gesmer, González, Pitt-Burke, Rosado, JJ. 

Index No. 650056/20 Appeal No. 1706 Case No. 2023-02201 

[*1]Goldberg Weprin Finkel Goldstein LLP, Plaintiff-Appellant,
v
Joel Wertzberger et al., Defendants-Respondents.

Goldberg Weprin Finkel Goldstein, LLP, New York (Matthew Hearle of counsel), for appellant.
Suslovich & Klein LLP, Brooklyn (Mark M. Kranz of counsel), for respondents.

Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered October 14, 2022, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.
The court properly dismissed the complaint. Contrary to plaintiff's contention, the March 2014 letter agreement between Wertzberger's company and nonparties Klugman and Hirsch's company cannot be read as memorializing a prior agreement to enter into a joint venture project in connection with the acquisition of certain co-op units or additional transactions involving these or other acquired units that would make Wertzberger, who was represented by his own counsel, responsible for the legal fees for the work plaintiff performed for Klugman and Hirsch. Nothing in the letter agreement refers to, or reflects, a broader agreement between the contracting parties, and, as the motion court found, the record evidence otherwise refutes plaintiff's joint venture theory (see Lebedev v Blavatnik, 193 AD3d 175, 185-186 [1st Dept 2021]).
Apart from the joint venture partnership theory, plaintiff asserts no other basis for holding defendants responsible for the legal fees at issue.
We have considered plaintiff's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 20, 2024